1 | ORSHANSKY & YEREMIAN LLP
Anthony J. Orshansky (SBN 199364)
2 | anthony@oyllp.com
David H. Yeremian (SBN 226337)
3 | david@oyllp.com
Justin K. Kachadoorian (SBN 260356)
4 | justin@oyllp.com
16133 Ventura Blvd., Suite 1245
5 | Encino, CA 91436
Phone: (818) 205-1212
6 | Fax: (818) 205-1616

7 | Attorneys for Plaintiff ARMEN BERSHOV,
on behalf of himself and others similarly situated
8 |
EPSTEIN BECKER & GREEN, P.C.
9 | Betsy Johnson (SBN 119847)
bjohnson@ebglaw.com
10 | Daniel Parker Jett (SBN 178070)
djett@ebglaw.com
11 | 1925 Century Park East, Suite 500
Los Angeles, California 90067-2506
12 | Phone: (310) 556-8861
Fax: (310) 553-2165
13 |
Attorneys for Defendant
14 | PYRAMID ACQUISTION II MANAGEMENT LP

15 |

16 | UNITED STATES DISTRICT COURT

17 | CENTRAL DISTRICT OF CALIFORNIA

18 | ARMEN BERSHOV, on behalf of          Case No.   CV 10-8193 PSG (AGRx)
himself and others similarly situated,
19 |
Plaintiff,                **JOINT STIPULATION FOR
20 |                                          RELIEF FROM LOCAL RULE 23-3**
v.
21 |
PYRAMID ADVISORS, LLC dba
22 | BURBANK AIRPORT MARRIOTT,
and DOES 1 to 50, inclusive,
23 |
Defendants.
24 |

25 |

26 |

27 |

28 |

- 1 -

1    Plaintiff ARMEN BERSHOV ("Plaintiff") and Defendant PYRAMID

2  ACQUSTION II MANAGEMENT LP, erroneously sued as Pyramid Advisors,

3  LLC, ("Defendant"), Plaintiff and Defendant being referred to collectively herein as

4  "the Parties," hereby stipulate as follows:

5

6    PROCEDURAL BACKGROUND

7    WHEREAS, on September 14, 2010, Plaintiff filed a class-action complaint

8  in Los Angeles Superior Court – Central District;

9

10    WHEREAS, service of the Complaint on Defendant was deemed complete

11  under California statute on October 8, 2010;

12

13    WHEREAS, Defendant answered the Complaint and removed the action to

14  the United States District Court for the Central District of California on October 29,

15  2010;

16

17    WHEREAS, the Court issued an OSC re: remand on November 29, 2010 and

18  discharged the OSC on December 22, 2010;

19

20    WHEREAS, the Court has not yet set a Scheduling Conference pursuant to

21  FRCP Rule 26(f) and Local Rule 26-1;

22

23    WHEREAS, Plaintiff is precluded under FRCP Rule 26(d)(1) from seeking

24  discovery prior to the 26(f) conference with the defendant;

25

26    RELIEF FROM LOCAL RULE 23-3

27    WHEREAS, the terms of L.R. 23-3 require Plaintiff's class-certification

28  motion to be filed within 90 days of service of the Complaint, unless otherwise

- 2 -

1    ordered by the Court;

2

3         WHEREAS, the Parties have agreed that filing a class certification motion

4    pursuant to Central District L.R. 23-3, would not be "practicable" under the standard

5    set by Fed. R. Civ. P. 23(c)(1)(a), and should not be required here in light of, *inter*

6    *alia*, the need to conduct reasonable discovery prior to filing such a motion and

7    other timing constraints imposed by such federal rules as Rule 26(d) and local rules

8    such as L.R. 7-3.  (Declaration of David H. Yeremian ¶ ¶ 6–11.);

9

10        WHEREAS, no prior extension has been requested or obtained (id.);

11

12        WHEREAS, the combination of Rule 26(d), the timing of the Scheduling

13   Conference set by this Court, and the deadline set by L.R. 23-3 would preclude

14   Plaintiff from obtaining adequate discovery prior to moving for class certification

15   (id.);

16

17        WHEREAS, if L.R. 23–3 were enforced, the parties would have virtually no

18   time from the date of removal and after the discharge of the OSC re: remand to

19   propound discovery, meet and confer, identify all putative class members, notify

20   them about the case, interview them, and prepare the motion for certification, a

21   process likely to take considerably longer than the amount allowed under the Local

22   Rules;

23

24        WHEREAS, the Federal Judicial Center's own 2005 publication titled

25   "Managing Class Action Litigation: A Pocket Guide for Judges" (excerpt attached)

26   recognizes that in light of the 2003 amendments to F.R.C.P. 23(c)(1), local rules

27   imposing specific time limits for filing class certification motions "appear to be

28   inconsistent with the federal rules and, as such, [are] obsolete."

- 3 -

STIPULATION FOR RELIEF FROM L.R. 23-3

1

2        WHEREAS, Local Rule 23-3, which was predicated on the prior version of

3   F.R.C.P. 23(c)(1), has not been revised despite the 2003 amendments to F.R.C.P.

4   23(c)(1);

5

6        WHEREAS, Plaintiff is hereby respectfully requesting an order relieving

7   Plaintiff of compliance with Local Rule 23-3's ostensible filing deadline, which

8   Plaintiff believes is in conflict with F.R.C.P. 23, as amended, as well as F.R.C.P.

9   26(d), and the continuing enforcement of which Plaintiff believes violates

10  fundamental principles of fairness and due process by precluding any assurance that

11  plaintiffs in putative class actions can reasonably obtain pre-certification discovery

12  to utilize in preparing a class certification motion that must be filed within 90 days

13  of service of the complaint;

14

15        THEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES

16  THROUGH THEIR RESPECTIVE COUNSEL that filing a class certification

17  motion within 90 days of service, pursuant to L.R. 23-3, would not be practicable

18  under the standard set by Federal Rule of Civil Procedure 23(c)(1)(A) and should

19  not be required in this case, and that dates germane to Plaintiff's class certification

20  motion should be set by the Court following the Scheduling Conference.

21

22  DATED: January 6, 2011          ORSHANSKY & YEREMIAN LLP

23

24                                   By    / s / David H. Yeremian__

25                                       David H. Yeremian
                                         Attorneys for ARMEN BERSHOV, on behalf
26                                       of himself and others similarly situated

27

28

- 4 -

1

2   DATED: January 6, 2011          EPSTEIN BECKER & GREEN, P.C.

3

4                                   By _____/ s / Betsy Johnson

5                                   _____
                                           Betsy Johnson
                                    Attorneys for PYRAMID ACQUISITION II
6                                   MANAGEMENT LP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR RELIEF FROM L.R. 23-3